**SO ORDERED.**

**SIGNED April 12, 2006.**



_____
GERALD H. SCHIFF
UNITED STATES BANKRUPTCY JUDGE
_____

```
             UNITED STATES BANKRUPTCY COURT
              WESTERN DISTRICT OF LOUISIANA

IN RE:

TREVOR PATTERSON
RHONDA PATTERSON                        CASE NO. 05-52456

     Debtors                            CHAPTER 7
------------------------------------------------------------
                      MEMORANDUM RULING
------------------------------------------------------------
```

Trevor and Rhonda Patterson ("Debtors") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on September 14, 2005. Presently before the court is the **UNITED STATES TRUSTEE MOTION TO DISMISS PURSUANT TO 11 U.S.C. §707(B)** ("Motion to Dismiss"). A hearing on the Motion to Dismiss was held on February 7, 2006. After hearing argument from counsel, the matter was taken under advisement.

### JURISDICTION

The case has been referred to this court by the Standing Order of Reference entered in this district which is set forth as Rule

83.4.1 of the Local Rules of the United States District Court for the Western District of Louisiana. No party in interest has requested a withdrawal of the reference. The court finds that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

These Reasons for Decision constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052, Federal Rules of Bankruptcy Procedure.

## LAW AND ANALYSIS

Section 707(b) provides in relevant part that—

> (b) . . . the court . . . may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor.

The only decision out of the Fifth Circuit dealing with section 707(b) dealt solely with the question of "primarily consumer debts" and did not address the question of "substantial abuse."[1] Several courts, however, have addressed that issue. And while the "totality of circumstances" approach is often mentioned as the standard by which the issue is decided, a leading commentator observes that "[t]he primary factor that may indicate a substantial abuse is the ability of the debtor to repay the debts

---

[1] Matter of Booth, 858 F.2d 1051 (5th Cir. 1988).

Page 2

out of future disposable income."[2] Indeed, this appears to be the prevalent inquiry in the majority of the cases deciding section 707(b) motions.

The United States Trustee first challenges the inclusion of voluntary 401(k) contributions appearing in both Debtors' payroll deductions. This court has consistently held that such contributions must be considered a part of the debtor's disposable earnings. This position is in accord with the well-settled majority of cases considering this point. <u>See</u>, <u>e.g.</u>, <u>In re Behlke</u>, 358 F.3d 429 (6th Cir. 2004), and <u>In re Watkins</u>, 216 B.R. 394 (Bkrtcy. W.D. Tx. 1997), and cases collected therein.

The general thrust of such conclusion is two-fold. First, making provision for the debtor's retirement does not fit within the classification of "maintenance or support of the debtor or a dependent of the debtor."[3] Further, equity supports a requirement that unsecured creditors should be paid before a debtor makes provision for his retirement.

While the Debtors' Schedules I and J filed in the case reflect a minimal disposable income of less than $50, after including the 401(k) contributions and making adjustments to income based upon

---

[2] 6 COLLIER ON BANKRUPTCY ¶707.04[4] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev).

[3] Section 1325(b)(2)(A).

Page 3

the discussions of counsel at the hearing regarding the proper calculation of monthly income, the court finds that the Debtors have a minimum of $500 which could be paid in a chapter 13 case toward repayment of their unsecured debts.

Debtors' counsel suggests that the Debtors' disposable income would not amount to a substantial percentage to be paid to unsecured creditors. Debtors argue that there should be some minimal percentage standard before a case is dismissed as a substantial abuse. The court disagrees. The court must look at each case on a case-by-case basis. Here, the court finds that the Debtors have the ability to repay a meaningful portion of their debt through a chapter 13 plan. It would, therefore, be a substantial abuse to permit the Debtors to obtain a chapter 7 discharge.

For the foregoing reasons, the Motion to Dismiss will be granted, unless the Debtors voluntary convert this case to a case under chapter 13 within 15 days from the entry of these reasons. If no conversion is filed within such delay, the United States Trustee shall submit an order of dismissal to the Clerk of the Bankruptcy Court.

**IT IS SO ORDERED.**

###

Page 4

05-52456 - #20  File 04/13/06  Enter 04/13/06 12:18:10  Main Document  Pg 4 of 4